AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District Court of New York

| | | |
|---|---|---|
| Frank McClain | ) | |
| | ) | **14 CV 6056** |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| The City of New York, P.O. Adnan Rosa, Shield, No. 7253, Individually and in his Official Capacity, and Police Officers "JOHN DOE" 1-5, Individually and in their Official Capacities, the names "JOHN DOE" being fictitious as the true names are not presently known | ) | JUDGE SULLIVAN |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   The City of New York
c/o New York City Law Dept
100 Church Street
New York, New York 10007

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Law Offices of Michael S. Lamonsoff, PLLC
80 Maiden Lane, 12th Floor
New York, New York 10038

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK

CLERK OF COURT

Date: AUG 0 4 2014

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District Court of New York

| | | |
|---|---|---|
| Frank McClain <br><br> *Plaintiff(s)* <br> v. <br> The City of New York, P.O. Adnan Rosa, Shield, No. 7253, Individually and in his Official Capacity, and Police Officers "JOHN DOE" 1-5, Individually and in their Official Capacities, the names "JOHN DOE" being fictitious as the true names are not presently known <br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. **14 CV 6056** <br><br> JUDGE SULLIVAN |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Police Officer Adnan Rosa, Shield No. 7253
c/o New York City Police Dept-49th Precinct
2121 Eastchester Road
Bronx, New York 10461

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Law Offices of Michael S. Lamonsoff, PLLC
80 Maiden Lane, 12th Floor
New York, New York 10038

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK
CLERK OF COURT

Date: AUG 0 4 2014

*Signature of Clerk or Deputy Clerk*

DESIGNATION OF AGENT FOR ACCESS TO SEALED
RECORDS PURSUANT TO NYCPL 160.50[1][d]

I, **Frank McClain**, Date of Birth 11/20/1967
SS# XXX-XX-XXXX, pursuant to NYCPL § 160.50[1][d], hereby designate MICHAEL A. CARDOZO, Corporation Counsel of the City of New York, or his authorized representative, as my agent to whom records of the criminal action terminated in my favor entitled People of the State of New York v. **Frank McClam**, Docket No. or Indictment No. 2013BX068537, in **Criminal** Court, County of **Bronx**, State of New York, relating to my arrest on or about **11/29/13**, may be made available for use in Civil Action **Frank McClam vs. City of NY** (S.D.N.Y.) Docket # **14-CV-6056**.

I understand that until now the aforesaid records have been sealed pursuant to CPL § 160.50, which permits those records to be made available only (1) to persons designated by me, or (2) to certain other parties specifically designated in that statute.

I further understand that the person designated by me above as a person to whom the records may be made available is not bound by the statutory sealing requirements of CPL § 160.50.

The records to be made available to the person designated above comprise all records and papers relating to my arrest and prosecution in the criminal action identified herein on file with any court, police agency, prosecutor's office or state or local agency that were ordered to be sealed under the provisions of CPL § 160.50.

I further authorize the release of a list from the New York City Police Department that identifies all my prior arrests by date of arrest, charge(s) and disposition, including all sealed arrests.

_Frank McClain_
SIGNATURE

STATE OF NEW YORK  )
                  : SS.:
COUNTY OF  NY     )

On this **4th** day of **August**, 2014, before me personally came **Frank McClain**, to me known and known to me to be the individual described in and who executed the foregoing instrument, and **he** acknowledged to me that **he** executed the same.

_signature_
NOTARY PUBLIC

YINA E. RAMIREZ
Notary Public -- State of New York
No. 01RA6256797
Qualified in New York County
My Commission Expires 2/13/2016

May 18, 2011

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

14 CV 6056

------------------------------------------------------------------X

FRANK MCCLAIN

                                      Plaintiff,

                                      -against-

THE CITY OF NEW YORK, P.O. ADNAN ROSA, Shield
No. 7253, Individually and in his Official Capacity, and
Police Officers "JOHN DOE" 1-5, Individually and in their
Official Capacities, the names "JOHN DOE" being fictitious
as the true names are not presently known,

                                       Defendants.

**COMPLAINT**

**JUDGE SULLIVAN**

JURY TRIAL DEMANDED



------------------------------------------------------------------X

       Plaintiff, FRANK MCCLAIN, by and through her attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for her Complaint, respectfully alleges, upon information and belief:

### PRELIMINARY STATEMENT

1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States of America.

### JURISDICTION

2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

4.      Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiff, FRANK MCCLAIN, is, and has been, at all relevant times, a resident of the City and State of New York

7.      Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9.      At all times hereinafter mentioned, the individually named defendants, POLICE OFFICERS "JOHN DOE" 1 through 5, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## FACTS

13. On or about November 29, 2013, at approximately 5:30 p.m., plaintiff FRANK MCCLAIN, was lawfully present in his home at 2309 Holland Avenue, in Bronx County in the State of New York.

14. At that time and place, plaintiff and his wife were accosted by an individual wielding what was later discovered to be an imitation pistol.

15. Plaintiff, FRANK MCCLAIN, wrested said pistol from the intruder while his wife called 911 and reported the intruder to the police.

16. Approximately ten minutes later, the defendant NYPD officers arrived to the above mentioned location.

17. Plaintiff immediately directed defendants to the location of the weapon.

18. Plaintiff and his wife, Norma Figueroa, reported to the police what had happened, providing the officers with a description of the intruder along with other identifying information.

19. Despite the lack of evidence against him, the defendant officers thereafter placed plaintiff in handcuffs with his hands secured tightly behind his back.

20. At no time on November 9, 2013 did plaintiff commit any crime or violation of law.

21. At no time on November 9, 2013 did defendants possess probable cause to arrest plaintiff.

22. At no time on November 9, 2013 did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

23. Defendants thereafter transported plaintiff to a nearby police precinct.

24. In connection with plaintiff's arrest, the defendants filled out false and/or misleading police reports and forwarded them to prosecutors at the Bronx County District Attorney's Office.

25. As a result of the defendants' conduct, plaintiff was charged with Unlawful Possession of an Imitation Pistol.

26. Thereafter, defendants repeatedly gave false and misleading testimony regarding the facts and circumstances of the plaintiff's arrest.

27. As a direct result of their unlawful arrest and the unlawful acts of the defendants, plaintiff spent approximately twenty-four hours in custody.

28. Additionally, as a direct result of the defendants' unlawful actions, plaintiff spent approximately seven months making numerous court appearances.

29. Despite defendants' actions, the proceedings against plaintiff, FRANK MCCLAIN, were adjourned in contemplation of dismissal on June 27, 2014.

30. As a result of the foregoing, plaintiff FRANK MCCLAIN sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

31. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

32. All of the aforementioned acts deprived plaintiff, FRANK MCCLAIN, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42 U.S.C. §1983.

33. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

34. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

35. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## FIRST CLAIM FOR RELIEF FOR
## FALSE ARREST UNDER 42 U.S.C. § 1983

36. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

37. As a result of the defendants' conduct, plaintiff was subjected to illegal, improper and false arrest, taken into custody, and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege, or consent.

38. As a result of the foregoing, plaintiff's liberty was restricted, he was put in fear for her safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## SECOND CLAIM FOR RELIEF FOR
## DENIAL OF RIGHT TO FAIR TRIAL UNDER 42 U.S.C. § 1983

39. Plaintiff FRANK MCCLAIN repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

40. Defendants fabricated knowingly false material evidence and forwarded said evidence to prosecutors at the Bronx County District Attorney's Office.

41. As a result, plaintiff suffered deprivation of his liberty, as he was required to make numerous court appearances to contest the false accusations against them.

42. As a result of the foregoing, plaintiff's liberty was restricted, he was put in fear for her safety, and he was humiliated without probable cause.

## THIRD CLAIM FOR RELIEF
## FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

43. Plaintiff, FRANK MCCLAIN, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

44. Defendants arrested and incarcerated plaintiff, FRANK MCCLAIN, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety, and violate her constitutional rights.

45. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

46. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

47. Those customs, policies, patterns, and practices include, but are not limited to:

   i. requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

   ii. requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

   iii. failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

   iv. failing to properly train police officers in the requirements of the United States Constitution.

48. The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

   i. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

   ii. arresting individuals regardless of probable cause in order to positively affect precinct-wide statistics;

   iii. falsifying evidence and testimony to support those arrests;

   iv. falsifying evidence and testimony to cover up police misconduct.

49. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of plaintiff, FRANK MCCLAIN.

50. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

51. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

52. As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, plaintiff was incarcerated unlawfully.

53. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff.

54. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff's constitutional rights.

55. All of the foregoing acts by defendants deprived plaintiff of federally protected constitutional rights, particularly her Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

**WHEREFORE**, the plaintiff respectfully requests judgment against defendants as follows:

i. an order awarding compensatory damages in an amount to be determined at trial;

ii. an order awarding punitive damages in an amount to be determined at trial;

iii. reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
July 28, 2014

Respectfully submitted,

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Counsel for the Plaintiff*

By: MATTHEW SHROYER (MS-6041)
80 Maiden Lane, 12th Floor
New York, New York 10038
(212) 962-1020

Docket No.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANK McCLAIN,

                              Plaintiff

-against-

THE CITY OF NEW YORK, P.O. ADNAN ROSA, Shield No. 7253, Individually and in his Official Capacity, and Police Officers "JOHN DOES" 1-5, Individually and in their Official Capacities, the names "JOHN DOE" being fictitious as the true names are not presently known,

                              Defendants.

## SUMMONS AND COMPLAINT

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Attorneys for Plaintiff*
**80 Maiden Lane, 12th Floor
New York, New York 10038
(212) 962-1020**

TO:   The City of New York
       c/o New York City Law Dept
       100 Church Street
       New York, New York 10007

       Police Officer Adnan Rosa, Shield No. 7253
       c/o New York City Police Dept-49[th] Precinct
       2121 Eastchester Road
       Bronx, New York 10461

Pursuant to 22NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of the State of New York, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

                                                          Matthew Shroyer